## DUNCAN a. LAWRENCE.

*New York Superior Court.; General Term, May, 1858.*

PLEADING.—DENIAL OF KNOWLEDGE OR INFORMATION SUFFICIENT
TO FORM A BELIEF.

When, in an action by an indorsee of a promissory note against the maker, all the
allegations of the complaint employed to show the title and possession of the
note to be in the plaintiff, are put at issue by the answer, the answer is a suf-
ficient pleading, although it puts each of such allegations at issue by an aver-
ment that the defendant has not any knowledge or information thereof suf-
ficient to form a belief.*

Appeal by defendants from an order that the plaintiffs have
judgment on account of the frivolousness of the answer.

The complaint stated that the defendants were partners, and
on the 24th of August, 1857, in their firm name of S. & T.
Lawrence & Co., made a note of that date, payable to their own
order; and sets forth a copy of the note, and then alleged that
they "indorsed the said note in writing, in their said firm name
of S. & T. Lawrence & Co., in blank, and that the said note was
afterwards, and before its maturity, duly transferred and deliv-
ered, for value, to the said plaintiffs, then and still being bankers
and copartners, carrying on business at the city of New York,
under the firm name of Duncan, Sherman & Co., and that the
said plaintiffs, before the maturity of said note, became and
still are the lawful owners and holders thereof for value;" that
the note is past due and unpaid, and prayed judgment for the
amount due, including interest.

The defendants, in their answer, stated that "they have no
knowledge or information sufficient to form a belief whether the
plaintiffs now compose or ever did compose the copartnership or
firm of Duncan, Sherman & Co., or whether the plaintiffs are or
ever were copartners, or whether the promissory note set forth
in the complaint was ever at any time transferred or delivered
to plaintiffs, or whether the plaintiffs before the maturity of said

---

* The contrary rule is held in the New York Common Pleas, Kamlah a. Salter,
*Ante,* 226.

note, or at any time became, or now are, the lawful owners or holders of said note."

The complaint and answer were both verified.

The plaintiffs moved at special term for judgment, on account of the frivolousness of the answer, and the motion was granted. The defendants appealed.

*A. R. Dyett*, for appellants.

*Jeremiah Larocque*, for respondents.

By THE COURT.*—BOSWORTH, J.—The complaint does not state that the defendants transferred or delivered the note to the plaintiffs.

The Code permits any allegation in a complaint to be put at issue by an answer which states that the defendant has not " any knowledge or information thereof sufficient to form a belief." (*Code*, § 149, subd. 1.)

All the allegations in the complaint, which are inserted to show title to the note to be in the plaintiffs, are severally put at issue by an answer in that form. They are thus as directly and absolutely controverted, according to the present rules of pleading, as if the truth of each had been expressly denied. The plaintiffs, on the trial of this action, cannot recover without first giving evidence sufficient to establish, *prima facie*, that the note has been delivered to and is held by them.

When, in an action by an indorsee of a promissory note, the answer puts at issue, in a form prescribed by the Code, all the allegations employed in a complaint to show the title and possession of the note to be in the plaintiffs, it is not only not frivolous, but it is a sufficient pleading. (Metropolitan Bank *a.* Lord, 4 *Duer*, 630.)

The answer in this action is, therefore, sufficient. It raises a material issue, the truth of which the plaintiffs must establish, in order to recover.

The order appealed from must, therefore, be reversed, and $10, the costs of the appeal, and the costs of opposing the motion for judgment, must abide the event of the action.

---

* Present, Bosworth, Hoffman, Slosson, and Woodruff, JJ.